**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MALCOLM MUHAMMAD,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:10cv00395** |
| | ) | |
| **v.** | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **GENE JOHNSON, et al.,** | ) | **By: Michael F. Urbanski** |
| **Defendants.** | ) | **United States Magistrate Judge** |

This matter is before the court on Muhammad's submission (Docket No. 10) which the court construes as a motion for a preliminary injunction. By Order entered October 26, 2010, the court referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings and recommendations for disposition. In his motion, Muhammad asks the court to order the defendants to allow Muhammad to attend religious services and to receive a religious newspaper. The court finds no basis for granting the preliminary injunctive relief requested. As such, the undersigned **RECOMMENDS** that his requests for preliminary injunctive relief be **DENIED**.

In his 42 U.S.C. § 1983 action Muhammad claims that, while housed at Wallens Ridge State Prison, the defendants failed to protect him from an assault by another inmate, denied him the opportunity to lead and attend religious classes, and denied him "The Final Call," a religious newspaper. Muhammad only seeks preliminary injunctive relief regarding his claims that he was denied attendance at religious services and that he was denied the religious newspaper. Muhammad's motion for a preliminary injunction provides no support for these claims, however, and, therefore, the court will look to his complaint to analyze his requests for preliminary injunctive relief. In his complaint, Muhammad alleges that he has asked the defendants to begin holding religious classes for his Nation of Islam ("NOI") religion, but that they told him that they

would not because of the security concerns. At some point, Muhammad apparently convinced the defendants to allow him to hold the class; however, guards continually interrupted the class. According to Muhammad, the classes were "going well" until February 12, 2010, when the Warden discontinued them citing that gang activity had occurred during the classes. Muhammad alleges that there is no other NOI class at the facility that he can attend. Muhammad also alleges that he has received "The Final Call" newspaper for 25 years, that he has been a Muslim for 25 years, and that the newspaper is "essential religious text." However, since his arrival at Wallens Ridge, his newspapers have been denied because they were not approved by the Publications Review Committee. In his complaint, Muhammad also asks the court to order the defendants to stop sending his newspapers to the Publications Review Committee. Muhammad claims that the defendants' denial of Muahmmad's attendance at religious services and the opportunity to receive "The Final Call" violates his First Amendment right to free exercise of religion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).[1]

[1] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

To justify an injunction before trial on the merits, it is incumbent upon the petitioner to make a "clear showing" that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The petitioner must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that petitioner will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n, 259 F.2d 921 (1958)).

In this case, Muhammad has not demonstrated, by a "clear showing," that he is likely to succeed at trial on the merits. Inmates retain protections under the First Amendment, which provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S.Const. amend I.; see Cruz v. Beto, 405 U.S. 319, 322 (1977). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show (1) that he holds a sincere belief that is religious in nature and (2) that prison regulations impose a substantial burden on his right to free exercise of religion. Hernandez v. Comm'r., 490 U.S. 680, 699 (1989). The Supreme Court has defined "substantial burden" in a variety of ways, including "putting substantial pressure on an adherent to modify his behavior and violate his beliefs," Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 717-18 (1981), and forcing an individual to "choose between following the precepts of [his] religion and forfeiting benefit, on the one hand, and abandoning one of the precepts of [his] religion . . . on

the other," Sherbert v. Verner, 374 U.S. 398, 404 (1963). However, inmates' constitutional rights must be evaluated within the context of their incarceration, and the Supreme Court has long cautioned that "courts are ill equipped to deal with the increasingly urgent problems of prison administration." Procunier v. Martinez, 416 U.S. 396, 405 (1974). Accordingly, courts must afford deference to prison officials in their oversight and coordination of the prison and its many aspects, and this deference is achieved in part through the application of a reasonableness test that is less restrictive than the test ordinarily used to evaluate alleged infringements of fundamental constitutional rights. O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Turner v. Safley, 482 U.S. 78, 84 (1987). A prison regulation that abridges an inmate's constitutional rights is "valid if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89.

The undersigned finds that Muhammad has failed to demonstrate that the defendants have violated, or are violating, his sincerely held religious beliefs. Muhammad does not provide the court with any information whatsoever about his current religious beliefs or demonstrate that those beliefs require him to attend the NOI services or receive "The Final Call" newspaper. Rather, Muhammad merely asserts that the denial of his participation in the NOI services and his receipt of the newspaper violates his constitutional rights. Such conclusory assertions, without facts alleged in support, are insufficient to state an actionable claim. Bell Atl. Corp., 550 U.S. 544, 555 (2007). Muhammad also fails to allege facts demonstrating that his religious practice will be substantially burdened if he is not allowed to attend the NOI services or receive the newspaper. Lovelace, 472 F.3d at 199. Accordingly, the undersigned finds that Muhammad has not made a "clear showing" that he is likely to succeed at trial on the merits.

Moreover, even if Muhammad could demonstrate that he has a sincerely held religious

belief and that the denial of attendance at the NOI services and receipt of “The Final Call” substantially burdened his sincerely held religious belief, Muhammad has not demonstrated that the regulations would fail when analyzed under Turner. To determine whether a prison regulation is constitutional under Turner, the court must consider four factors: (1) whether there is a “valid, rational connection” between the regulation and a legitimate and neutral governmental interest; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to inmates; (3) the extent to which accommodation of the asserted right will have an impact on prison staff, on inmates’ liberty and on the allocation of limited prison resources; and (4) whether the regulation represents an “exaggerated response” to prison concerns. Turner, 482 U.S. at 89-91. The burden of proof under the Turner analysis is on the prisoner to disprove the validity of the prison regulation at issue. Overton v. Bazzetta, 539 U.S. 126, 132 (2003). In applying Turner’s rational basis factors to this case, the undersigned finds that Muhammad has not clearly shown that he is likely to succeed at trial on the merits of his claims. First, it appears that the defendants have denied Muhammad NOI services and “The Final Call” newspaper based on security reasons. Prison safety is undoubtedly a legitimate penological interest, see United States v. Stotts, 925 F.2d 83, 86 (4th Cir. 1991), and Muhammad has not demonstrated how this interest is not validly or rationally connected to the alleged denial of services and newspapers. Second, Muhammad has not shown that he has no alternative means of practicing his religion without attendance at NOI services or receipt of “The Final Call” newspaper. Therefore, the undersigned finds that Muhammad has not made a “clear showing” that he is likely to succeed at trial on the merits. Accordingly, the undersigned further finds no basis for granting preliminary injunctive relief and, thus, **RECOMMENDS** that Muhammad's motion for preliminary injunctive relief be **DENIED**.

The Clerk is directed to transmit the record in this case to Honorable Samuel G. Wilson, United States District Judge. Plaintiff is reminded that pursuant to Rule 72(b), he is entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is directed to send a certified copy of this Report and Recommendation to plaintiff.

Entered: January 13, 2011.

/s/ Michael F. Urbanski

Michael F. Urbanski
United States Magistrate Judge